UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONALD BONHAM and SHARON BONHAM,

                     **Plaintiffs,**                     3:16-cv-00459 (BKS/DEP)

v.

BUCKEYE TERMINALS, LLC,

                     **Defendant.**
_____

BUCKEYE TERMINALS, LLC,

                     **Third-Party Plaintiff,**

v.

TERPENING TRUCKING CO., INC.,

                     **Third-Party Defendant.**
_____

**APPEARANCES:**

*For Plaintiffs:*
Lawrence D. Lissauer, Esq.
Victoria L. Lightcap, Esq.
Finkelstein & Partners, LLP
1279 Route 300
P.O. Box 1111
Newburgh, NY 12551

*For Defendant/Third-Party Plaintiff:*
Kevin J. Kruppa, Esq.
Rupp Baase Pfalzgraf Cunningham LLC
1600 Liberty Building
Buffalo, NY 14202

*For Third-Party Defendant:*
Jeffrey D. Schulman, Esq.
Pillinger Miller Tarallo, LLP
126 N. Salina Street, Suite 215
Syracuse, NY 13202

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Defendant Buckeye Terminals, LLC ("Buckeye") removed this action from New York State Supreme Court, Broome County, asserting that this Court has subject-matter jurisdiction over Plaintiffs Ronald and Sharon Bonham's state law claims under the diversity jurisdiction statute, 28 U.S.C. § 1332, which grants the federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Because the Notice of Removal did not set forth the citizenship of Buckeye's limited liability company ("LLC") members, the Court issued an order on November 21, 2017 (the "Order") directing Buckeye to identify the members' citizenship so the Court may determine whether it has subject-matter jurisdiction. Buckeye submitted a memorandum of law[1] concerning its members' citizenship on December 5, 2017, to which Plaintiffs responded on December 11, 2017. For the reasons discussed below, the Court finds that it lacks diversity jurisdiction and, accordingly, remands the case to state court.

## II. JURISDICTIONAL FACTS

Plaintiffs are citizens of New York. (Dkt. No. 1, ¶ 3). Defendant Buckeye is a Delaware limited liability company. (Dkt. No. 43, at 3). Its sole member, Buckeye Pipe Line Holdings, L.P. is a Delaware limited partnership, whose limited partner, Buckeye Partners, L.P. is also a Delaware limited partnership. (*Id.* at 3-4). Buckeye Partners, L.P is a publicly traded entity, and

---

[1] Although Buckeye submitted citizenship information concerning its members through a memorandum of law rather than an affidavit, the Court notes that the facts are undisputed. Accordingly, the Court adopts these jurisdictional facts for the purposes of determining whether diversity jurisdiction exists.

2

all but one of its limited partners "consist of public unit holders." (*Id.* at 4). Some of these limited partners are "New York residents."[2] (*Id.*).

## III.   DISCUSSION

### A.   Diversity of Citizenship

Article III of the Constitution extends federal courts' subject-matter jurisdiction over controversies between "Citizens of different States." U.S. Const. art. III, § 2, cl. 1. Congress has authorized the exercise of this jurisdictional grant under 28 U.S.C. § 1332(a), which provides in relevant part that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000" and "is between . . . citizens of different States." "[F]or a case to fit within this section, there must be 'complete' diversity." *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). In other words, no plaintiff may be a citizen of a state of which any defendant is also a citizen. *Id.*

For purposes of diversity jurisdiction, "[w]hile humans and corporations can assert their own citizenship, other entities take the citizenship of their members." *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014 (2016). Accordingly, courts have held that "a limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Similarly, a limited partnership takes the citizenship of all of its general and limited partners. *See*

---

[2] The Court construes "New York residents" to mean citizens of New York. Diversity jurisdiction must be based on diversity of ***citizenship***, not residence. A citizen of a state, for diversity jurisdiction purposes, is a U.S. citizen who is domiciled in that state. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."); *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile."). "Domicile is determined by the party's place of residence and his or her intent to remain in that place indefinitely." *Kingsley v. BMW of N. Am. LLC*, No. 12-cv-234, 2012 WL 1605054, at *4, 2012 U.S. Dist. LEXIS 64652, at *13 (S.D.N.Y. May 8, 2012); *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (stating that "domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there"). Buckeye, who has the burden to prove diversity of citizenship, has not addressed the citizenship of the New York resident limited partners.

*Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (rejecting the argument that a limited partnership's citizenship may be determined only by reference to that of its general partners, and reasserting the "oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship" of all of the entity's members); *United Nat. Ins. Co. v. Waterfront N.Y. Realty Corp.*, 907 F. Supp. 663, 668 (S.D.N.Y. 1995) ("The plaintiff cannot invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all partners.").

The Supreme Court has determined that it will not create new exceptions to this rule, however "technical, precedent-bound, and unresponsive to policy considerations" the rule may be:

> The 50 States have created, and will continue to create, a wide assortment of artificial entities possessing different powers and characteristics, and composed of various classes of members with varying degrees of interest and control. Which of them is entitled to be considered a "citizen" for diversity purposes, and which of their members' citizenship is to be consulted, are questions more readily resolved by legislative prescription than by legal reasoning, and questions whose complexity is particularly unwelcome at the threshold stage of determining whether a court has jurisdiction. We have long since decided that, having established special treatment for corporations, we will leave the rest to Congress; we adhere to that decision.

*Carden*, 494 U.S. at 196-97. The Supreme Court reiterated this approach less than two years ago in *Americold*, where it held that a citizenship of a real estate investment trust created under state law took the citizenship of all of its shareholders. *See* 136 S. Ct. at 1016-17 ("When we last examined the 'doctrinal wall' between corporate and unincorporated entities in 1990, we saw no reason to tear it down. Then as now we reaffirm that it is up to Congress if it wishes to incorporate other entities into 28 U.S.C. § 1332(c)'s special jurisdictional rule." (quoting *Carden*, 494 U.S. at 190)).

Applying this rule to the facts presented here yields a straightforward answer. Buckeye Partners, L.P. takes the citizenship of all of its general and limited partners. As some of its

4

limited partners are New York citizens, Buckeye Partners, L.P. is also a New York citizen. Further, because Buckeye Partners, L.P. is Buckeye Pipe Line Holdings, L.P.'s limited partner, the latter limited partnership possesses New York citizenship. Finally, Buckeye Pipe Line Holdings, L.P. is the sole member of, and thus confers its New York citizenship to, Defendant Buckeye. Since Plaintiffs are New York citizens as well, complete diversity of citizenship does not exist, and the Court lacks subject-matter jurisdiction over this action.

Buckeye nevertheless argues that precedent does not compel application of the membership rule to "[l]imited partnerships that are publicly traded," referred to as "master limited partnerships." (Dkt. No. 43, at 5, 7). Buckeye does not explain why master limited partnerships should be treated differently than other unincorporated entities, but it notes that some courts have drawn parallels between master limited partnerships and corporations. (*See id.* at 6). Yet Buckeye acknowledges that all courts that have considered the issue have concluded that "the issuance of a unit of a publicly-traded master limited partnership to a citizen of the same state as the opposing party destroys diversity and requires that the case be dismissed for lack of subject matter jurisdiction." (*Id.* at 5 (citing cases)). Dismissing this persuasive authority, Buckeye contends that the issue has not been examined by the Supreme Court, the Second Circuit Court of Appeals, or federal district courts in New York, and therefore "this Court is free to find that complete diversity exists between the parties and that it has subject matter jurisdiction in this case." (*Id.* at 7). Supreme Court precedent, however, is clear that unincorporated entities—a category that necessarily includes master limited partnerships—take the citizenship of their members. This Court is bound to apply the rule in this case.

B. **Remand to State Court**

In their opposition, Plaintiffs ask the Court to remand the case to state court. (*See* Dkt. No. 44, at 5-6). Having determined that diversity of citizenship does not exist and that

jurisdiction is lacking, the Court concludes that removal of this action was improper. *See* 28 U.S.C. § 1441(a) (providing that removal is permitted for any civil action brought in state court over which a federal district court has original jurisdiction); *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010). Accordingly, the case will be remanded to New York State Supreme Court, Broome County, where it originated. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) ("We have interpreted section 1447(c) to authorize a remand for . . . a lack of subject matter jurisdiction."); *Ferrer v. New Eng. Motor Freight, Inc.*, No. 17-cv-3898, 2017 WL 3142039, at *1, 2017 U.S. Dist. LEXIS 115015, at *3 (E.D.N.Y. July 24, 2017).

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that the case is **REMANDED** to New York State Supreme Court, Broome County, under Index No. CA2015002574; and it is further

**ORDERED** that the Clerk shall mail a certified copy of this order of remand to the Clerk of the New York Supreme Court, Broome County; and it is further

**ORDERED** that all pending motions (Dkt. Nos. 35 and 38) are **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: December 15, 2017
Syracuse, New York

Brenda K. Sannes
U.S. District Judge